Estate of Eleanor H. Davidson, Deceased, The Union Trust Company of Pittsburgh, Administrator v. Commissioner.
Estate of Eleanor H. Davidson v. Commissioner
Docket No. 7185.
United States Tax Court
1946 Tax Ct. Memo LEXIS 49; 5 T.C.M. (CCH) 931; T.C.M. (RIA) 46259; October 29, 1946
*49 Bad debt deduction claimed by petitioner for the year 1942 is denied, on the ground of failure of proof. Sidney B. Gambill, Esq., for the petitioner. Stanley L. Drexler, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income and victory tax for the period January 1, 1943 to February 8, 1943 in the amount of $9,372.72. The sole issue is whether petitioner's decedent is entitled to a bad debt deduction in the year 1942 of the amount of $11,656.41. The case was submitted upon a stipulation of facts, documentary proof and oral testimony. The *50 facts as stipulated are so found. Other facts are found from the evidence. Findings of Fact Eleanor H. Davidson died on February 8, 1943, a resident of Hampton Township, Allegheny County, Pennsylvania. The Union Trust Company of Pittsburgh was appointed administrator of her estate on March 12, 1943, which appointment is of record in the office of the Register of Wills of Allegheny County, Pennsylvania, at Number 2742, 1943. The Union Trust Company of Pittsburgh is a Pennsylvania corporation which has its principal office in Pittsburgh, Pennsylvania. Decedent had been mentally incompetent for several years and her affairs were in the hands of the Commonwealth Trust Company of Pittsburgh, a committee appointed by the Court of Common Pleas of Allegheny County, Pennsylvania, to manage her affairs. Her Federal tax return for the taxable year 1942 was filed by the committee. Her final return for the period January 1, 1943 to February 8, 1943 was filed by the aforesaid administrator. Both returns were filed in the office of the collector of internal revenue for the 23rd collection district of Pennsylvania at Pittsburgh, Pennsylvania. Eleanor H. Davidson's tax returns were at all times *51 prior to her death filed on the calendar year and cash basis. The final return was likewise filed on the cash method of accounting. Prior to September 13, 1937, the decedent owned a first mortgage and bond on certain properties located at 218-222 Craig Street, Pittsburgh, Pennsylvania, upon which were located two apartment buildings. The mortgage was in default, and was foreclosed on September 13, 1937. As of the date of foreclosure, decedent had invested in the mortgage the amount of $52,161.26 determined as follows: Amount paid for mortgage
$40,000.00
Accrued taxes from 1933 to 1937,
plus costs
12,161.26
Total
$52,161.26
The mortgage and bond were executed by Esther L. Cuff and her husband. Mrs. Cuff's husband died in 1936. On August 3, 1937, judgment in favor of the decedent and against Esther L. Cuff, the surviving mortgagor, was entered in the Court of Common Pleas of Allegheny County, Pennsylvania, at D.S.B. No. 348, October Term, 1937, in the penal sum of $80,000 for a real debt of $51,856.41. At the date of the entry of the foregoing judgment there was in effect in Pennsylvania the Pennsylvania Deficiency Judgment Act of 1937, Public Law 275. Section *52 1 thereof provided, inter alia, that before any execution shall issue against the mortgaged premises on the foreclosure of any mortgage, the plaintiff should file a statement in the court having jurisdiction over such execution, certifying under oath that he or they release and discharge the obligors and guarantors and any other parties liable, directly or indirectly, on the mortgage debt and the owners of the property affected thereby from all personal liability on the mortgage debt, interest, costs, taxes, and municipal claims. In compliance with the aforesaid provisions of the Deficiency Judgment Act aforesaid, the Commonwealth Trust Company of Pittsburgh as committee for Eleanor H. Davidson, on August 16, 1937, executed and filed with the Court of Common Pleas of Allegheny County, Pennsylvania, a Statement on Foreclosure of Mortgage wherein it was provided, in part, as follows: WHEREAS, the General Assembly of the State of Pennsylvania did enact at its session in 1937 a certain act, being Act No. 561, signed by the Governor on July 2, 1937, requiring, inter alia, that thereafter, before any execution should issue against mortgaged premises on the foreclosure of any mortgage *53 or on a judgment entered on any obligation secured by a mortgage, the plaintiff or plaintiffs should file a statement with the Court having jurisdiction over such execution, certifying that the said plaintiff releases all parties liable, directly or indirectly, on the mortgage debt from personal liability thereon. NOW, THEREFORE, the Commonwealth Trust Company of Pittsburgh, the aforesaid Mortgagee, under protest and solely by reason of the aforesaid Act and preserving unto itself such rights as it may have if the said Act is declared unconstitutional or invalidated in any way, does hereby release and discharge the Obligors and Guarantors and any other parties liable directly or indirectly on the foregoing mortgage debt, and the owners of the property affected thereby, from all personal liability on the mortgage debt, interest, costs, taxes and municipal claims. Thereafter, to wit, August 17, 1937, the committee caused a writ of Fieri Facias to be issued (FI.FA. No. 385, October 1937) and levied upon the real estate covered by mortgage. On September 13, 1937, pursuant to the Writ of Fieri Facias the Sheriff of Allegheny County, at a Sheriff's Sale sold the above-mentioned real *54 property to the decedent for the sum of $12,161.26 made up as follows: Costs
$ 161.72
County Taxes
2,843.40
City Taxes
5,028.30
School Taxes
4,127.84.lTotal
$12,161.26
Immediately after the sale hereinbefore described, the Sheriff of Allegheny County deeded the property to the decedent and the decedent continued to be the owner of said properties until her death in 1943. On July 16, 1941, a new Deficiency Judgment Act was enacted by P.L. 400. This act, in substance, provided that where, upon foreclosure, the property was sold to the mortgagee for an amount insufficient to satisfy the judgment, interest and cost, the plaintiff shall petition a court of competent jurisdiction to fix the fair market value of the real property sold. Under the provisions of this act, the Commonwealth Trust Company of Pittsburgh, as committee for Eleanor H. Davidson, duly filed a petition with the Court of Common Pleas of Alleghney County to fix the fair market value of the property purchased in 1937 on foreclosure sale. The respondent, Esther L. Cuff, did not file any answer to such petition or appear on the return date. On February 19, 1942, an order was entered providing, in *55 part, as follows: ORDERED, ADJUDGED AND DECREED that the fair market value as of September 13, 1937 of the real property described in Plaintiff's Petition be, and it hereby is, fixed at the sum of $40,000. On September 18, 1942, there was filed in the Court of Common Pleas of Allegheny County, Praecipe for Writ of Scire Facias setting forth a deficiency judgment in the amount of $11,856.41. A Praecipe for Judgment was filed with the court on October 21, 1942, in the same amount. Harry M. Cuff, husband of Esther L. Cuff, died in July 1936, intestate and insolvent. Esther L. Cuff, approximately 62 years of age, had no property beyond approximately $200 for household and personal needs. She received approximately $2,600 as the proceeds of policies of insurance upon her husband's life. This amount was consumed in less than a year. From July 1937 until the present time, Esther L. Cuff has been without property and has been supported wholly by her son, Albert L. Cuff. A bad debt deduction on account of the transactions involved herein was not claimed by petitioner's decedent in any year except 1942. The decedent's taxable net income for the years 1937 to 1941, inclusive, was approximately *56 as follows: Taxable
Year
Net Income
1937
$31,000
1938
22,000
1939
27,000
1940
14,700
1941
55,000
In 1942 a son of Mrs. Cuff, Albert L. Cuff, offered to pay $200 if the decedent would mark the judgment against his mother "satisfied." This offer was not accepted. In 1943 he raised the offer to $300. Authority to settle the matter on this basis was approved by the Court of Common Pleas of Allegheny County in 1943, and the amount was paid in 1944. Opinion The respondent denied petitioner a deduction in 1942 of the sum of $11,656.41, on account of the alleged partial worthlessness of a mortgage debt. The respondent's ruling enjoys the presumption of correctness and petitioner has the burden of showing error. Welsh v. helvering, 290 U.S. 111. We think petitioner has failed to establish two necessary elements, namely, the amount of the indebtedness, and that the debt became wholly or partially worthless in the taxable year 1942. The record shows the mortgagee acquired title to the mortgaged premises on foreclosure sale on August 17, 1937. As a basis for establishing the amount of the indebtedness petitioner relies upon an order and decree of *57 the Court of Common Pleas of Allegheny County, Pennsylvania, entered February 19, 1942, fixing the fair market value of the mortgaged property at $40,000. Such order was entered upon the petition filed on behalf of decedent against Esther L. Cuff, as surviving mortgagor, wherein it was alleged that the fair market value of the said property was $40,000. In that proceeding the respondent, Esther L. Cuff, neither answered nor appeared. No evidence as to the fair market value of the property was presented to the court. That decree is not binding upon us. Cf. Francis Doll, 2 T.C. 276; affd., 149 Fed. (2d) 239; certiorari denied, 326 U.S. 725. The difference between petitioner's investment and the fair market value of the property received would measure the extent of the loss, if any. Petitioner should have established before this Court the fair market value of the property at the time of the sale on foreclosure by competent testimony. Nor does this record furnish any satisfactory proof that the indebtedness, assuming one existed, became either wholly or partially worthless in the taxable year 1942. [1] Petitioner's only proof consists of the stipulated *58 fact that Albert L. Cuff, who was not legally liable, offered to pay petitioner the sum of $200 to satisfy the judgment entered against his mother, Esther L. Cuff, on October 21, 1942, in the amount of $15,502.26. The offer was not accepted. This meager and inadequate showing does not establish that the debt became wholly or partially worthless in 1942. The evidence presented by respondent indicates that a deficiency judgment against either of the mortgagors was uncollectible when the property was foreclosed in 1937 and in subsequent years. The result we have reached renders it unnecessary to discuss the respective Pennsylvania statutes relating to deficiency judgments on foreclosure sales. The respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. Sec. 23(k)(1), I.R.C.↩, as amended by sec. 124(a) of the Revenue Act of 1942 and sec. 113 of the Revenue Act of 1943.